The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request, on behalf of the City of Pottsville, for an opinion on the following question:
 Assuming a member of [the] City Council is a resident at the time of election, but, subsequently, becomes a nonresident of the city, are they eligible to continue serving on the City Council? Assuming the answer to that question is "no," does a vacancy automatically exist by virtue of that change of residency or is further action by the mayor or council required to verify the vacant position?
Assuming that the council member does not, as a factual matter, meet the residency requirement for holding office as alderman,[1] then the answer to the first part of this question is "no," in accordance with A.C.A. § 14-44-103(b)(2) (1987) (applicable to cities of the second class), which states as follows:
 If any duly elected alderman shall cease to reside in the ward from which he was elected, that person shall be disqualified to hold the office and a vacancy shall exist, which shall be filled as prescribed by law.
In response to the second part of this question regarding verification of the vacancy, according to my research there is no statutory procedure for declaring a vacancy in that instance. Compare A.C.A. § 14-14-1309 (1987) (regarding procedure for declaration of vacancy with respect to county, quorum court district, and township offices). It appears that the city council would be authorized to proceed to fill the vacancy that exists by virtue of the change of residency.[2] See A.C.A. § 14-44-104 (1987) (providing that "at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect . . . an alderman to serve for the unexpired term.")
While it is therefore my opinion that further action to verify the vacancy is not statutorily required, the institution of judicial proceedings to prevent the usurpation of office may, as a practical matter, be required if the incumbent refuses to vacate the office after his or her change of residency. See A.C.A. § 16-118-105 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should perhaps be noted, in making the residency determination, that in the context of holding office "residence" is usually treated as synonymous with "domicile." See Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972) and Op. Att'y Gen. 92-112 (copy enclosed). Opinion92-112 addresses the factors to be considered in this regard, and notes that domicile depends to some extent upon the individual's intent as evidenced by his statements and conduct.
[2] This assumes that your question pertains to an incumbent who becomes a non-resident during his or her term of office. If a newly elected alderman becomes disqualified before taking office, the incumbent alderman is authorized under Ark. Const. art. 19, § 5 to hold office until his or her successor is elected and qualified. See Ops. Att'y Gen.94-303 and 89-013.